# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CORTEZ WHITE, ) | |
| ) | |
|     Movant, ) | |
| ) | |
| vs. ) | Case No: 4:14CV486 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Cortez White's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Show Cause Order. On November 14, 2016 ,[Doc. No. 7], Movant filed a Motion to Supplement his Section 2255 Motion. The government submitted its response to the Motion to Supplement on March 14, 2017, [Doc. No. 8]. For the reasons set forth below, the Motion to Vacate is denied.

## PROCEDURAL HISTORY

On April 23, 2012, Movant entered a plea of guilty, pursuant to a written plea agreement, to an indictment charging him with conspiracy to distribute and possess with the intent to distribute in excess of 1 kilogram of heroin, conspiracy to distribute and possess with the intent to distribute in excess of 100 kilograms of

marijuana, possession with intent to distribute heroin, and possession of a firearm in furtherance of a drug trafficking crime   On August 20, 2012, Movant was sentenced to 151 months imprisonment on three of the four counts in the indictment, to be served concurrently.  This sentence was consistent with the agreement in the Plea Agreement.

Contained within the Plea Agreement, in exchange for Petitioner's voluntary plea of guilty, the government agreed to dismiss count five, and agreed that no further federal prosecution would be brought in this District.  The government also agreed to waive any Title 21 U.S.C. § 851.

Movant filed this Motion for Post-Conviction Relief pursuant to Title 28 U.S.C. Section 2255 on June 11, 2012.

## STANDARD FOR RELIEF UNDER 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'"

*United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## DISCUSSION

### Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir.

3

1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

### **Standard for Ineffective Assistance of Counsel**

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence

5

in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

## . **CLAIM FOR RELIEF**

Movant has raised the following grounds for post-conviction relief:

**Ground One:** The Movant argues that his attorney failed to file a Pre-Trial Motion to Suppress a warrantless unlawful entry into a residence.

Movant knowingly and voluntarily waived his right to challenge the constitutionality of the government's seizures. On February 12, 2012, a pretrial hearing was held by Judge Mary Ann L. Medler. Movant signed a memorandum for Court in which he stated that he had discussed pre-trial matters with counsel and understands the reasons why counsel advised against filing pre-trial motions, that he agreed it was in his best interests to waive the filing and that he waived his

6

right to have pretrial motions filed. Judge Medler concluded, after a record was made in open court that Movant's waiver was knowingly and voluntarily made.

Moreover, Movant does not identify what warrantless entry he claims violated his rights. Movant cannot, therefore establish that the actions of counsel were objectively unreasonable, nor that but for counsel's actions, the proceedings would have been different. Movant himself acknowledged that he did not seek to pursue any pretrial motions.

**Ground Two**: Movant contends that counsel was ineffective for failure to go to trial and challenge the sufficiency of the evidence. Movant voluntarily waived his pretrial motions, and in his plea agreement admitted all of the facts contained in the Plea Agreement. At the Plea hearing on April 23, 2012, this Court questioned Movant on his involvement in the facts. Movant admitted, without any equivocation, that he had indeed committed the crimes outlined in the Plea Agreement.

This Court also questioned Movant on the representation he received. Movant stated that he was satisfied with the representation counsel had provided, that counsel had completed any and all investigation and interviewing of witnesses requested of counsel. Counsel explained the case to Movant. Movant assured the Court that there was nothing counsel did not do that he should have done. Movant advised the Court that he understood his rights and that he was giving up those

7

rights in pleading guilty, including the right to a trial where the government would be required to satisfy its burden of proof. Movant has failed to establish counsel performed outside the scope of effective counsel.

**Ground Three:** Movant argues that he received ineffective assistance of counsel when defense counsel failed to move for suppression of the firearm. Movant knowingly and voluntarily waived his right to file pretrial motions. He also knowingly and voluntarily plead guilty to the charges against him. His claim that counsel was ineffective for failing to file a motion to suppress the firearm falls completely flat in light of the voluntary actions Movant himself took. Moreover, the government dismissed the firearm charge in exchange for his guilty plea. The fact that Movant's sentence was enhanced because of the firearm does not establish counsel was ineffective because of Movant's voluntary waivers.

In his Motion to Supplement his Motion to Vacate, Movant argues that the Court erred by imposing a two level enhancement for possessing the firearm in connection with the offenses to which Movant plead guilty. In support of his argument, Movant relies on *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), *Mathis v. United States*, ___U.S.___, 136 S.Ct. 2243 (2016) and *Johnson v. United States*, ___U.S.___, 135 S.Ct.2551 (2015). As the government correctly argues, Movant was not sentenced as a career offender, now was he sentenced under the

8

Armed Career Criminal Act. As such, these cases do not provide Movant any relief.

## CONCLUSION

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence and the Supplement thereto, [Doc. Nos. 1 and 7], are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 16th of March, 2017.

_____
         HENRY EDWARD AUTREY
     UNITED STATES DISTRICT JUDGE